

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00389-CR

**BOBBY LYNN KEENE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2014-1063-C2

## MEMORANDUM OPINION

Bobby Lynn Keene was convicted of Aggravated Assault of a Public Servant (enhanced) (Count I) and Evading Arrest or Detention with a Vehicle (enhanced) (Count II), *see* TEX. PENAL CODE ANN. §§ 22.01(a)(2); 22.02(a)(2), (b)(2)(B); 38.04 (West 2011), and sentenced to 40 years and 20 years in prison, respectively, to be served concurrently. Two judgments were signed, one for each count. Because the evidence is sufficient to support Keene's conviction for aggravated assault (relating to Count I) and the evidence is sufficient to show Keene had been previously convicted of deadly conduct (relating to

Count II), the trial court's judgments are affirmed.

**SUFFICIENCY OF THE EVIDENCE**

In his first issue, Keene argues the evidence is legally insufficient to find him guilty of aggravated assault on a peace officer as alleged in the indictment. Specifically, Keene argues that the evidence is insufficient to prove there was an imminent threat to Steven Stahl or Kenneth Witt, the officers alleged in the indictment.

**LAW**

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307,

326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).  Further, direct and circumstantial evidence are treated equally:  "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties.  *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

A person commits an aggravated assault on a public servant if the person intentionally or knowingly threatens another with imminent bodily injury, uses or exhibits a deadly weapon during the commission of the assault, and the assault is committed against a public servant lawfully discharging an official duty. TEX. PENAL CODE ANN. §§ 22.01(a)(2); 22.02(a)(2), (b)(2)(B) (West 2011).  A person commits threatening conduct not only when the actor actually causes fear in another, but also (1) when he creates an unacceptable risk that another may be placed in fear, and (2) when he increases the likelihood that he will carry through on a threat and cause a physical injury. *Olivas v. State*, 203 S.W.3d 341, 347 (Tex. Crim. App. 2006).  "Imminent" bodily injury requires a present, not a future, threat.  *Devine v. State*, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989).

Keene takes issue with whether Deputies Steven Stahl or Kenneth Witt were threatened with imminent bodily injury by Keene with the knife, concluding that Deputy Eubank, who was not named as a victim in the indictment, was the only deputy so

threatened.

*Evidence*

Keene was sitting in a pickup on the side of the road with the driver's side window broken out. When a Navarro County Sheriff's deputy turned his patrol unit around to check on Keene, Keene sped off in the pickup. The deputy pursued Keene with lights and siren activated, but Keene would not stop. Keene was pursued for over 30 miles. He drove over two sets of spikes and continued driving on the rims of his wheels. In McLennan County, his vehicle was eventually bumped by law enforcement and it came to a rest in a median.

Personnel from various law enforcement agencies surrounded Keene's vehicle. Deputies Steven Strahl, Kenneth Witt, and Chris Eubank approached the vehicle with their weapons drawn. The three walked close enough to the vehicle that Eubank attempted to open the driver's side door. It would not open. As Eubank reached in through the broken out window to try to unlock the door, Keene pulled out a large knife made from what looked to be a horseshoe rasp, ground down or hammered out to a point on one end which was sharpened and a crude handle on the other end. Keene held it at a 45 degree angle, pointed upwards toward the area where the door window had been. Deputy Strahl testified that Keene made a motion "like this" towards the three deputies. All three deputies jumped back from the vehicle immediately. Both Strahl and Eubank felt Keene was threatening them and Deputy Witt. Eubank felt Keene was threatening the three deputies with imminent bodily injury. Eubank disagreed with Keene's counsel and asserted that if Keene was holding the knife "like this," that action would be

menacing. Eubank also asserted that they were in danger because Keene could have thrown the knife or could have done a lot of things with the knife since the deputies were so close. The in-car video of the stop shows that the three deputies were very close to the pickup when all three suddenly jumped back.

*Application*

The knife used was introduced into evidence and has been personally examined by the Court as it was by the jury. The knife is large. It was made from a heavy file or rasp. It weighs just less than two pounds (30.9 oz.). It has a sharpened point with a crudely ground dull edge down each side, somewhat like a dagger. Overall, it measures over 14 inches long. It has finger grips ground into one side and a lead weight butt to cover the former point of the file's tang which is now part of the handle and the knife butt.

There was ample testimony that Keene's actions with the knife placed the deputies in fear not only for themselves, individually, but also for each of the deputies. It makes no difference that Eubank was the closest to Keene at the time Keene pulled out the knife but was not identified in the indictment as a victim. Further the evidence indicates the threat was a present threat, not a future one. And although we cannot tell from the testimony how Keene was holding the knife, the jury was able to interpret what "like this" meant, and we can infer that they believed Keene held the knife in an imminently threatening manner toward the deputies. This is particularly evident from their uniform reaction shown on the video when the knife was initially brandished.

Accordingly, reviewing the evidence under the established standard of review, we

find the evidence sufficient to support Keene's conviction as charged. Keene's first issue is overruled.

**PRIOR CONVICTION**

In his second issue,[1] Keene asserts that the evidence is insufficient to establish Keene had been previously convicted of deadly conduct in case number 31129 in the County Court for Fannin County, Texas. Specifically, Keene argues the State did not prove that he was the person named in the judgment of conviction.

To establish a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that: (1) a prior conviction exists; and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). However, no specific document or mode of proof is required to prove these two elements. *Id.* Any type of evidence, documentary or testimonial, might suffice. *Id.* at 922. Ultimately, the trier of fact looks at the totality of the evidence admitted to determine 1) whether there was a previous conviction, and 2) whether the defendant was the person convicted. If these two elements can be found beyond a reasonable doubt, then the various pieces of evidence used are necessarily sufficient to prove a prior conviction. *See id.* at 923.

Here, the State introduced State's Exhibit 16 into evidence during the punishment phase of the trial to show that Keene had been previously convicted of the offense of deadly conduct. The exhibit contained certified copies of a complaint, information,

---

[1] This is labeled as issue one in Keene's supplemental brief.

stipulation of evidence, various waivers and an order accepting those waivers, judgment of guilt with terms of community supervision, motion to revoke community supervision, and motion to withdraw motion to revoke community supervision. Although there were no fingerprints affixed to any of the documents within the exhibit, most of the documents contained Keene's full name and one included his date of birth and social security number. Further, the sponsoring witness of the exhibit testified that the information on these documents was the exact same information as was contained in other documents relating to Keene which the witness examined.

Keene complains that the evidence is insufficient because most of the identifying information is contained on the motion to revoke which was ultimately dismissed by the trial court. This is of no consequence. The important issue is whether a reasonable trier of fact could find beyond a reasonable doubt that 1) the alleged prior conviction existed and 2) this conviction is linked to appellant. *See Flowers v. State*, 220 S.W.3d 919, 924 (Tex. Crim. App. 2007). After reviewing all the evidence submitted, we find a reasonable trier of fact could find beyond a reasonable doubt that a conviction for deadly conduct existed and that Keene was linked to the conviction.

Accordingly, the evidence is sufficient to establish Keene was the person convicted of deadly conduct, and Keene's second issue is overruled.

**CONCLUSION**

Having overruled each issue for review, we affirm the trial court's judgments.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Affirmed
Opinion delivered and filed May 3, 2017
Do not publish
[CRPM]

